IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JESSIE TERRELL RADFORD                                                                                    PLAINTIFF

v.                              Civil No. 1:23-cv-01081-SOH-BAB

CIRCUIT JUDGE DAVID TALLEY;
OFFICER LEROY MARTEN;
OFFICER JERRY MANESS; and
MS. ROSE                                                                                                 DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff, Jessie Terrell Radford, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

Plaintiff filed his original Complaint on August 3, 2023. (ECF No. 1). The Court provisionally filed Plaintiff's Complaint and directed him to file a completed Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). (ECF No. 3). Plaintiff filed his completed IFP Motion, and the Court granted him IFP status on August 17, 2023. (ECF Nos. 5-6). Plaintiff was incarcerated in the Columbia County Detention Center ("CCDC") at all times relevant to his claims.

Plaintiff lists five defendants in his Complaint: (1) "The State of Arkansas City of Columbia County Magnolia Ambulance and fire Department EMTs ERTs;" (2) "Columbia County Sheriff Office Jail-Leory Martin;" (3) "Columbia County Detention Center-Mr. Jerry Maness;" (4) "Columbia County Detention Center Sheriff Office-Ms. Rose;" and (5) "City of Columbia County Magnolia Arkansas Judge David Talley."[1] (ECF No. 1, p. 1).

### A. Claim One

Plaintiff then lists multiple allegations he organizes into four claims. His Claim One is alleged against Defendant Rose of the CCDC. He claims she used excessive force against him violating his Eighth Amendment rights through cruel and unusual punishment. Specifically, Plaintiff claims she shot him in the back of his head with a "pepper gun" and then left him in isolation cell with pepper spray all over him overnight. (ECF No. 1, pp. 4-5). Plaintiff alleges this claim against Defendant Rose in both her official and individual capacity. *Id.*

### B. Claim Two

In Claim Two, Plaintiff alleges Judge Talley, Circuit Judge for Columbia County, violated Plaintiff's Eighth Amendment rights through "bail punishment." (ECF No. 1, pp. 6-7). Plaintiff goes on to explain Judge Talley has charged him excessive bond, fines, bail, and fees, as well as subjected Plaintiff to cruel and unusual punishments through incarceration. *Id.* Plaintiff alleges these claims against Judge Talley in both his official and individual capacities. *Id.* Later in his Complaint, Plaintiff alleges Judge Talley committed "Hate Crime against the Black men in Magnolia with Racial content, Racial Discrimination, [and] Illegal sentencing." (ECF No. 1, p.

---

1 The Court interprets Plaintiff's listing of Defendants as the individual Defendant and their place of employment. The Plaintiff cannot sue buildings or departments such as the "Columbia County Detention Center." *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (jails are not legal entities amenable to suit).

2

12) (errors in original).   Plaintiff further alleges the sentences of Judge Talley are disproportional to the crimes committed.   *Id*.   Judge Talley's actions result in false charges and false imprisonment of young black males including Plaintiff.   *Id*.   Furthermore, Plaintiff complains, because no prosecutor or state appointed attorney was present during his first appearance, Judge Talley was unable to process Plaintiff's charges that day.   Plaintiff then complains he was not taken back to the courthouse to see Judge Talley on the day he was told his initial hearing would be rescheduled.   *Id*.   Plaintiff also claims Judge Talley issues rulings while high on cancer medication.   (ECF No. 1, p. 13).   Finally, Plaintiff claims it violates his constitutional rights for Judge Talley to be his judge when he was also his attorney "years ago."   (ECF No. 1, p. 14).

### C.  Claim Three

In Plaintiff's Claim Three, he alleges Jail Administrator of the CCDC, Jerry Maness, violated his Eighth Amendment rights through the conditions of confinement at the CCDC and cruel and unusual punishment at the CCDC.   (ECF No. 1, pp. 7-8).   Plaintiff goes on to explain his claims against Defendant Maness as: (1) false imprisonment; (2) "bail punishment;" (3) being housed in a condemned jail; (4) excessive bail, bond, fees, and restitution; (5) cruel and unusual punishment inflicted on June 19, 2023 when the jail was on fire; and (6) violation of his Fourteenth Amendment rights to equal protection, liberty, and abuse of due process.   *Id*.   Plaintiff asserts these claims against Defendant Maness in both his individual and official capacities.   *Id*.   In explanation of his conditions of confinement claim, Plaintiff specifically list conditions of the CCDC he asserts violated his constitutional rights: inoperable fire sprinklers and fire alarms; gas leaks; fires; mold; and a leaky roof.   *Id*.

### D.  Claim Four

In Plaintiff's Claim Four, he claims Defendant Sheriff Leory Martin and Defendant Maness

3

violated his constitutional rights on June 19, 2023 during a fire at the CCDC. Plaintiff claims Defendant Martin ordered all the inmates, except for a select few, to be locked down and left inside the CCDC while it was burning and full of smoke. (ECF No. 1, p. 14). This is a claim of unconstitutional conditions of confinement.

Also, within Plaintiff's Claim Four, he alleges the "EMTs/ERT ambulance and fire Department" violated his Eighth and Fourteenth amendment rights. (ECF No. 1, pp. 12). The Court interprets this claim against John Doe EMT and ERT defendants. Plaintiff claims the EMTs and ERTs left him inside the CCDC while it was on fire and full of black smoke. They also failed to provide Plaintiff with any medical assistance after this fire. (ECF No. 1, p. 13)

Finally, within his Claim Four, Plaintiff alleges: he does not get three hot meals a day, (ECF No. 1, p. 13); he is not getting recreation, (ECF No. 1, p. 13); and his due process rights were violated based on the date of his criminal processing papers and the dates of his initial appearance and bond hearing, (ECF No. 1, p. 13).

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which

4

relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's Complaint can prove no set of facts to support the Plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001). Many of the allegations set forth in Plaintiff's Complaint, do not support a plausible cause of action for relief under 42 U.S.C. § 1983.

#### A. Claim One

Plaintiff stated sufficient facts to proceed on Claim One against Defendant Rose, in her individual and official capacity, for excessive force.

#### B. Claim Two

All of Plaintiff's allegations in his Claim Two, asserted against Judge Talley, fail as a matter of law. "Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray,* 386 U.S. 547, 553-54 (1967). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner,* 474 U.S. 193, 199 (1985) (citation omitted). Judicial immunity is only overcome in two narrow situations: (1) if the

5

challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted); *Nolan v. Campbell,* 369 F. Supp. 1032, 1033 (E.D. Mo. 1974) (judicial immunity applies to actions brought under 42 U.S.C. §§ 1983 & 1981).

First, Plaintiff has not alleged Judge Talley lacked jurisdiction to hear his criminal proceedings. Second, all of Plaintiff's allegations against Judge Talley relate to Judge Talley's judicial actions in Plaintiff's criminal proceedings. Clearly all of Plaintiff's allegations revolve around Judge Talley's decisions as the judge in Plaintiff's criminal matter. Accordingly, Judge Talley is immune from all of Plaintiff's allegations. *See Woodworth v. Hulshof,* 891 F.3d 1083, 1091 (explaining that judicial immunity applies if the act complained of is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity). Furthermore, all official capacity claims asserted against Judge Talley must fail as a matter of law. Without a cognizable constitutional violation alleged, there can be no official capacity claim against the employer. *See Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020); *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)).

### C. Claim Three

Plaintiff's allegations in Claim Three, against Defendant Maness, related to bail punishment, false imprisonment, excessive bail, bond, fees, and restitution are all barred by *Heck*

*v. Humphry*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck*, 512 U.S. 486-487. The Court noted if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed. *Id.* The *Heck* bar has been applied to claims for injunctive or declaratory relief and damages. *See Smith v. Norris*, 40 F.App'x 305 (8th Cir. 2002) (unpublished); *Rosendahl v. Norman*, 242 F.3d 376 (8th Cir. 2000).

Accordingly, all of Plaintiff's claims related to his criminal charges, sentence, fines and fees, and conviction, are barred by *Heck*.[2] Furthermore, Plaintiff's official capacity claims on these same criminal matters must also fail as a matter of law. Without a cognizable constitutional violation alleged, there can be no official capacity claim against the employer. *See Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020); *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)).

Additionally, all of Plaintiff's claims relating to false imprisonment, improper conviction, or sentencing are improper under Section 1983. These are all challenges to the validity of Plaintiff's criminal conviction or incarceration. Plaintiff may not use Section 1983 as a substitute

---

2 The Court also notes that all of Plaintiff's claims asserted against Judge Talley are also barred by *Heck* (if not by immunity) as they all challenge his criminal conviction, sentence, or incarceration.

7

for *habeas* relief, instead, he must pursue such claims through the proper avenue of 28 U.S.C. § 2254. *See e.g., Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) ("Section 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence.") (quoting *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)).

Plaintiff has stated sufficient facts against Defendant Maness, for his claims of cruel and unusual punishment, conditions of confinement, equal protection, due process, and the events of the fire on June 19, 2023, to proceed.

### D. Claim Four

Plaintiff stated sufficient facts for his Claim Four against Defendant Sheriff Martin, Defendant Maness, and Defendants John Doe EMT and ERT, related to the fire on June 19, 2023, to proceed. Additionally, Plaintiff's allegations in Claim Four against Defendant Sheriff Martin regarding his diet and recreation at the CCDC should also proceed.

However, Plaintiff's allegations against Defendant Sheriff Martin in Claim Four regarding his due process rights in the processing of papers and appearances in his criminal proceedings are barred by *Heck* as explained above. Furthermore, his official capacity claims relating to these same matters also fail as a matter of law. Without a cognizable constitutional violation alleged, there can be no official capacity claim against the employer. *See Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020); *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)).

### IV. CONCLUSION

For these reasons, it is recommended:

(1) All of Plaintiff's claims, individual and official capacity, related to his criminal

conviction, sentence, and incarceration be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) All of Plaintiff's claims, individual and official capacity, against Judge Talley be dismissed pursuant to 28 U.S.C. § 1915A(b)(2) and Judge Talley be dismissed from this matter as Judge Talley is immune from liability; and

(3) The following claims should proceed for further litigation: Claim One for excessive force, against Defendant Rose, in her official and individual capacity; Claim Three for cruel and unusual punishment, regarding the diet and recreation at the CCDC, conditions of confinement, equal protection, and due process against Defendant Maness, in his official and individual capacity; Claim Four against Defendants Martin, Maness, and John Doe EMT and ERT, in their official and individual capacities, related to events on June 19, 2023.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of September 2023.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE