IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


JESSIE TERRELL RADFORD                                              PLAINTIFF


v.                          Case No. 1:23-cv-01081
                            Case No. 1:23-cv-01083


OFFICER LEROY MARTEN;
OFFICER JERRY MANESS;
MS. ROSE; JOHN DOE EMT OR ERT                                      DEFENDANTS


## **ORDER**

Pro se Plaintiff, Jessie Terrell Radford, submitted this 42 U.S.C. § 1983 action on August 3, 2023.  (ECF No. 1).  Plaintiff failed to submit an application to proceed *in forma pauperis* ("IFP") with his complaint.  The Court provisionally filed Plaintiff's complaint pending the determination of his IFP status.  (ECF No. 3).  Plaintiff filed his IFP application on August 16, 2023 (ECF No. 5), and the Court granted the application on August 17, 2023 (ECF No. 6).  On September 27, 2023, Plaintiff's two cases, case number 1:23-cv-01081 and case number 1:23-cv-1083 were consolidated, and case number 1:23-cv-01081 is the lead case.  (ECF No. 11).  On November 17, 2023, Plaintiff filed an amended complaint.  (ECF No. 16).  At issue before the Court today is Plaintiff's failure to comply with orders of the Court and failure to prosecute this consolidated matter.

On January 24, 2024, Defendants filed a notice of returned mail, which stated that mail they sent to Plaintiff's address of record was returned as undeliverable.  (ECF No. 28).  In response, the Court ordered Plaintiff to communicate with the Court.  (ECF No. 29).  On February 7, 2024, Plaintiff filed a notice of change of address.  (ECF No. 30).  The address provided in this notice is

currently Plaintiff's address of record in this matter.

On March 4, 2024, Defendants filed a motion for partial summary judgment for failure to exhaust administrative remedies.[1]  (ECF No. 32).  On March 5, 2024, the Court directed Plaintiff to respond to Defendants' Motion for Summary Judgment.  (ECF No. 35).  Plaintiff's response was due on March 26, 2024.  *Id.*  The Order to respond was not returned as undeliverable mail, and Plaintiff failed to respond.

On March 28, 2024, the Court issued an order to show cause directing Plaintiff to show cause why he failed to comply with the Court's order and respond to Defendants' summary judgment motion.  (ECF No. 37).  This order to show cause was not returned as undeliverable mail, and Plaintiff failed to respond.  The last communication the Court received from Plaintiff was the notice of change of address on February 13, 2024.  (ECF No. 30).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the

---

[1]This Motion was filed pursuant to the Court's January 18, 2024 text only bench order which stayed all discovery until the issue of exhaustion was resolved.  (ECF No. 27).  Accordingly, no discovery has been conducted in this matter, and the pending summary judgment motion addresses only the issue of exhaustion.

court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified.  Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803.  In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice.  *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted).  In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint.  [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court.  However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

Here, Plaintiff has failed to prosecute this case and comply with the Court's orders.  Specifically, Plaintiff has failed to keep the Court apprised of his current address.  However, the Court does not find dismissal with prejudice is warranted here.  While Defendants have filed a motion for summary judgment, it is one addressing exhaustion only.  Further, no resources have been expended on lengthy discovery or litigation at this juncture.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds Plaintiff's amended

complaint (ECF No. 16) and this consolidated matter should be and hereby is **DISMISSED**

**WITHOUT PREJUDICE**.

      **IT IS SO ORDERED**, this 3rd day of June, 2024.

                                    /s/ Susan O. Hickey
                                    Susan O. Hickey
                                    Chief United States District Judge